Terrence M. Jones (Cal. Bar No. 256603)
  *Terrence@CameronJones.law*
Indira J. Cameron-Banks (Cal. Bar No. 248634)
  *Indira@CameronJones.law*
CAMERON | JONES LLP
6737 Bright Avenue, Suite B6
Whittier, California 90601
(213) 863-4490 | www.CameronJones.law

Attorneys for Plaintiff GEORGE ESPARZA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>GEORGE ESPARZA,<br><br>   Defendant. | Case No. CR 20-208-JFW<br><br>**DEFENDANT'S MOTION TO MODIFY TERMS OF JUDGMENT AND COMMITMENT/PROBATION ORDER**<br><br>Hearing Date:   12/16/2024<br>Hearing Time:   8:00 a.m.<br>Courtroom:      7A<br><br>Hon. John F. Walter<br>United States District Judge |

COMES NOW, Defendant George Esparza, who, by and through the undersigned counsel, hereby respectfully submits his Motion to Modify Terms of the Judgment and Commitment/Probation Order entered on November 8, 2024 (Dkt. No. 60), as follows—

**TO THIS HONORABLE COURT AND TO COUNSEL FOR THE UNITED STATES**—

PLEASE TAKE NOTICE that on December 16, 2024, at 8:00 a.m., or as soon thereafter as the matter may be heard, Defendant George Esparza will, and hereby does, respectfully move this Honorable Court for an Order modifying the terms of the Judgment and Commitment/Probation Order entered on November 8, 2024 (Dkt. No. 60; the "J&C Order"). Specifically, Esparza respectfully requests that the Court modify one term of the J&C Order—the $500 minimum monthly restitution payment amount—as Esparza, who is currently unemployed, does not yet have the financial means to consistently satisfy that obligation to that degree. (*See* J&C Order at pg. 2 ["The balance of restitution shall be paid in monthly installments of at least $500 per month during the term of probation"].) For the reasons set forth in further detail herein, Esparza requests that that minimum payment amount be reduced to $250.

On November 21, 2024, the undersigned counsel conferred with counsel for the government in this matter, AUSA Susan Har, who advised that the government does not oppose Esparza's request.

Accordingly, pursuant to 18 U.S.C. § 3663A, the Federal Rules of Criminal Procedure, and L.Cr.R. 32 et seq., Defendant respectfully submits that there is good cause to issue an order modifying the J&C Order in such manner.

/ / /

/ / /

1

1       This Motion is based upon the attached memorandum of points and
2 authorities, the files and records in this case, the Revised Presentencing
3 Investigation Report (dated 11/1/2024; Dkt. No. 57; the "PSR"), the Revised U.S.
4 Probation and Pretrial Services Recommendation Letter (dated 11/1/2024; Dkt. No.
5 56), and such further evidence and argument as the Court may permit.

Dated: November 22, 2024

CAMERON | JONES LLP
Indira J. Cameron-Banks

  /s/ Terrence M. Jones

Attorneys for Defendant
GEORGE ESPARZA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Respectfully, defendant George Esparza ("Defendant" or "Esparza") moves this Court for an order modifying one term of the Judgment and Commitment/Probation Order entered on November 8, 2024 (Dkt. No. 60; the "J&C Order"), such that the minimum monthly restitution payment Esparza is obligated to pay to the City of Los Angeles is reduced to $250. (*See* J&C Order at pg. 2 ["The balance of restitution shall be paid in <u>monthly installments of at least $500 per month</u> during the term of probation"]; emphasis added.) This request is made on the grounds that the current minimum payment amount ordered by the Court of $500 would pose a financial hardship to Esparza, who has not yet obtained steady employment and which, in any event, would constitute a substantial proportion of his monthly income even when he does become gainfully employed. On November 21, 2024, the undersigned counsel for Defendant conferred with counsel for the government in this matter, AUSA Susan Har, who advised that the government does not oppose Esparza's request. Accordingly, Defendant respectfully submits that there is good cause to issue an order modifying the J&C Order in this manner.

## II. GOOD CAUSE EXISTS TO MODIFY THE J&C ORDER

In July 2021, George Esparza pleaded guilty to a single-count information for RICO conspiracy arising out of the government's wide-ranging "Casino Royale" political corruption investigation surrounding now disgraced and convicted City of Los Angeles Councilmember Jose Huizar. (*See* Dkt. Nos. 18 and 27.) Esparza was a central figure in the City Hall "pay-to-play" scheme, but acknowledged his role in that depravity, publicly admitted guilt before this Court, and then provided six years' worth of proactive cooperation to federal authorities as part of his plea agreement and personal repentance.

In the run-up to Esparza's sentencing, as part of Defendant's discussions with the government, Esparza stipulated to a restitution amount of $130,459 payable to the City of Los Angeles. The parties conveyed that stipulated amount to the designated Probational Officer, who then recommended in the Revised Presentencing Investigation Report, (dated 11/1/2024; Dkt. No. 57; the "Revised PSR"), the following payment schedule based upon her assessment of Esparza's ability to pay:

> Monthly payments of at least $150, or 10% of Esparza's gross monthly income, whichever is greater.

(*See* Revised PSR at ¶ 226.)

This Court then conducted Esparza's sentencing hearing on November 8, 2024, and that same day entered the J&C Order requiring Esparza to pay that restitution amount.

Specifically, as part of the J&C Order's terms and conditions, the Court ordered that Esparza was required to make a monthly minimum payment to the City of Los Angeles of $500:

> It is ordered that the defendant shall pay restitution in the total amount of $130,459 pursuant to 18 U.S.C. § 3663A.
>
> **Victim**              **Amount**
> City of Los Angeles     $130,459
>
> A partial payment of at least $1,000 shall be paid immediately. <u>The balance of restitution shall be paid in monthly installments of at least $500 per month during the term of probation</u>. These payments shall begin 30 days after commencement of supervision.

(*See* J&C Order at pg. 2; emphasis added.)

Respectfully, Esparza requests that the Court modify that one term of the J&C Order to lower the monthly minimum restitution payment amount to $250, as the current minimum amount would pose an undue financial burden on Esparza, who does not wish to fall into default or arrears with respect to his restitution obligations.[1]

As set forth in the Revised PSR, Esparza began working as the Chief of Staff to Assemblywoman Wendy Carillo in February 2018 after resigning from Huizar's office. Esparza was at that time one of few Latino professionals in the State Capitol working in a Chief of Staff capacity and certainly among the youngest. He was paid a gross monthly salary of $9,750. However, after Esparza entered his guilty plea in this matter, he was terminated from that Chief of Staff position in June 2020. (*See* Revised PSR at ¶221.)

Since then, as set forth in the Revised PSR, Esparza has been intermittently employed, but has yet to obtain steady and long-term employment given the uncertainty of his sentencing. Although preceding his sentencing, Esparza had been at times able to obtain gig-based and project-based temporary employment that paid him an approximate monthly gross salary as high as $3,000, (*see* Revised PSR at ¶¶217-220), Esparza's most recent employer no longer has steady work for him, so Esparza no longer has a monthly employment contract with that entity and no longer generates that monthly income amount. Esparza is, of course, actively looking for employment, but currently has no active streams of income of any kind.

To be certain, Esparza wishes to lean head-on into his sentence just as he did his agreement to actively cooperate with the government six years ago. As he articulated in writing and orally as part of the sentencing process, he is deeply apologetic and regretful for helping to spread the cancer of corruption emanating

---

[1] Esparza has already tendered payment of the initial $1,000 payment, as ordered.

from City Hall and, so, his request of the Court here is by no means an effort to shirk responsibility or minimize accountability for his criminal conduct. However, the reality of Esparza's current circumstance is that a $500 monthly minimum payment obligation would be too much for him to financially bear and he does not wish to fall into default or arrears with respect to this sentencing obligation. Moreover, Esparza only as a modest amount of personal savings from which to draw funds, as verified by his financial disclosures to the Probation Officer, (*see* Revised PSR at ¶¶ 223-224), so has no other option by to lodge this request for leniency in that regard. Esparza lives with his 80-year-old grandparents, who are retired and on a fixed income, so contributes as much as he can to the household expenses (*e.g.*, groceries, utilities, electricity, and internet bills), (*see id*).

### III.  CONCLUSION

For the foregoing reasons, pursuant to 18 U.S.C. § 3663A, the Federal Rules of Criminal Procedure, and L.Cr.R. 32 et seq., Defendant George Esparza respectfully requests that the Court modify the Judgment and Commitment/Probation Order such that it requires Defendant to make minimum monthly restitution payments in the amount of $250, as follows:

> A partial payment of at least $1,000 shall be paid immediately. <u>The balance of restitution shall be paid in monthly installments of at least $250 per month during the term of probation.</u> These payments shall begin 30 days after commencement of supervision.

Dated:  November 22, 2024

CAMERON | JONES LLP
Indira J. Cameron-Banks

　/s/ Terrence M. Jones

Attorneys for Defendant
GEORGE ESPARZA

4